IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMJ COMMERCIAL HOLDINGS, LLC and EDUCATION MANAGEMENT SERVICES, LLC<br>    *Plaintiffs,*<br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY<br>    *Defendant* | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 5:17-cv-01025-G<br>§<br>§<br>§<br>§ |

# **DEFENDANT'S FIRST AMENDED ANSWER**

Defendant Hartford Fire Insurance Company ("Defendant") files its First Amended Answer to the Plaintiff's Original Petition (the "Complaint") filed by Plaintiffs AMJ Commercial Holdings, LLC ("AMJ") and Education Management Services LLC. Because the Complaint does not contain numbered paragraphs Defendant will start with the paragraph identifying Plaintiff AMJ as Paragraph No. 1 and continue accordingly. Defendant respectfully shows the Court as follows:

1. Defendant is without sufficient information to admit or deny the allegations in Paragraph 1.

2. Defendant is without sufficient information to admit or deny the allegations in Paragraph 2.

3. Defendant admits that it is a foreign insurance corporation and is engaged in the business of insurance in the State of Texas.

4. Defendant does not contest venue.

5. Plaintiffs' allegations about the level of discovery and applicability of a state court standing order do not require a response.

6. Plaintiffs allegations about Agency and Respondeat Superior are definitional statements and do not require a response.

7. Defendant admits conditions precedent to recovery have occurred or been performed.

8. Defendant admits it issued insurance Policy, No. 65 UUN ZR6972, with effective dates from 12/22/2015 to 12/22/2016, to Plaintiff Education Management Services, LLC (the "Policy"). Defendant admits the Policy provides specified coverage for the location and building identified therein. Defendant denies that a storm on April 12, 2016 caused substantial damage to the building at issue. Defendant admits the claim was timely reported and assigned claim number CP0016781464.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant denies that it wrongfully denied the roof damage portion of the claim. Defendant admits that Plaintiff retained a Public Adjuster that prepared a July 13, 2016 estimate in the amount of $2,162,201.63. Defendant denies the remainder of the allegations in Paragraph 10.

11. Defendant admits the allegations in the first sentence of paragraph 11. Defendant is without knowledge or information to respond to AMJ's beliefs, and denies the remainder of the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12 but denies the characterization as "true to form."

13. Defendant admits it determined the covered loss at $90,140.81, less recoverable depreciation of $43,362.03 for an actual cash value of $46,778.78 that

equaled $41,778,78 after application of the $5,000 deductible. Defendant denies the remainder of the allegations in Paragraph 13.

14. Defendant admits that Kent supplemented his estimate and that AMJ retained engineer Neil Hall who issued a report, but denies the remainder of the allegations in Paragraph 14.

15. Defendant denies Plaintiff is entitled to recover the damages alleged in Paragraph 15.

16. (Breach of Contract Claim) Defendant admits it owed duties to investigate and pay for covered damages to Plaintiffs' property but denies the remainder of the allegations in Paragraph 16 and denies that it is liable for breach of contract.

17. (Chapter 542 Texas Insurance Code Claim) Defendant denies the allegations in Paragraph 17 and denies liability under Chapter 542 of the Texas Insurance Code.

18. (DTPA Claims) Defendant denies the allegations in Paragraph 18 and all its subparts and denies liability under the Texas DTPA.

19. (Unfair Insurance Practices). Defendant denies the allegations in Paragraph 19 and all its subparts and denies liablity for unfair insurance practices under Chapter 541 of the Texas Insurance Code

20. (Breach of duty of Good Faith and Fair Dealing) Defendant denies the allegations in Paragraph 20 and denies any liability for breach of the duty of good faith and fair dealing.

21. (Waiver and Estoppel) Defendant denies the allegations in Paragraph 21.

22. (Damages) Defendant denies the allegations in Paragraph 22 and denies that Plaintiffs are entitled to any damages in this case.

23. (Additional Damages) Defendant denies the allegations in Paragraph 23 and denies that Plaintiffs are entitled to any additional damages in this case.

24. (Exemplary Damages) Defendant denies the allegations in Paragraph 24 and denies that Plaintiffs are entitled to any exemplary damages in this case.

25. (Attorneys' Fees) Defendant denies that Plaintiffs are entitled to an award of attorneys' fees as alleged in Paragraph 25.

26. Prayer. Defendant denies that Plaintiffs are entitled to recovery under any theory alleged.

## ADDITIONAL DEFENSES
## FIRST DEFENSE

27. Plaintiff's claims alleging breach of contract, violation of and claims under the Texas Insurance Code, Chapters 541 and 542, violations of and claim under the Tex. Bus. & Comm. Code, Sections 17.46(b) and 17.50, breach of the duty of good faith and fair dealing, and "waiver and estoppel" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to meet the pleading requirements of Fed. R. Civ. P. 8 and 9.

## SECOND DEFENSE

28. Plaintiff's claims alleging misrepresentations under Tex. Ins. Code 541.060(a)(1) and 541.061(5) fail to state a claim on which relief can be granted. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (facts must be plead showing who, what, where, when and how to support a claim of fraud). Specifically, Plaintiff fails to allege with specificity any pre-loss misrepresentations concerning specific promises of

coverage that were false. *See Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979) (post-loss representations not actionable because insured's repair costs would have been incurred regardless of whether covered by insurance); *West Tex. Agriplex v. Mid-Continent Cas. Co.*, 2004 WL 1515122, *13 (N.D. Tex. July 7, 2004) (Cummings, J.) ("Ample case law has held that an insured normally cannot bring a misrepresentation claim for any alleged representations made after a loss."). *Moore v. Allstate Texas Lloyds*, No. 4:17-CV-287-A, 2017 WL 2963473, at *2 (N.D. Tex. July 11, 2017) (citations omitted) (both DTPA and Texas Insurance Code claims are subject to the requirements of Rule 9(b)). Plaintiff's misrepresentation claims based on the Texas Insurance Code fail to state a claim and should be dismissed pursuant to Rules 12(b)(6).

## THIRD DEFENSE

29. Plaintiff's claims under Tex. Bus. & Comm. Code sec. 17.46(b)(5), (7), (12), (20), and 17.50(a)(2) fail to state a claim on which relief can be granted. With respect to alleged representations and/or misrepresentations in violation of section 17.46(b)(5), (7), (12), (14), (20) Plaintiff fails to allege any pre-loss misrepresentations concerning specific provisions of coverage that were false. Accordingly, based on the authorities referenced in ¶ 27 above with respect to Plaintiff's claims for misrepresentations under the Insurance Code, Plaintiff's DTPA-based misrepresentation claims fail to state a claim and should be dismissed pursuant to Rule 12(b)(6). *Moore v. Allstate Texas Lloyds*, No. 4:17-CV-287-A, 2017 WL 2963473, at *2 (N.D. Tex. July 11, 2017) (citations omitted).

30. Additionally, Plaintiff's claims pursuant to subsections 17.46(b)(20) and 17.50(a)(2) fail to state a claim in that the Policy is not a "guarantee" or "warranty."

**FOURTH DEFENSE**

31. Plaintiff's breach of contract claim is barred based on the terms of the Policy and by one or more exclusions from coverage as stated in the Policy. Specifically, the Policy provides in relevant part:

**PROPERTY GENERAL CONDITIONS**

 18. Policy Period

 In this Coverage Part, we only cover direct physical loss or direct physical damage which occurs during the policy period stated in the Declarations.

**PROPERTY CHOICE COVERAGE FORM**

 **A. COVERAGE**

We will pay for direct physical loss of or direct physical damage to the following types of Covered Property caused by or resulting from a Covered Cause of Loss. Covered Property, as used in this Coverage Part, means the type of property described in this Section, A.1. Covered Property for which a limit of insurance and a premises address is shown in the Property Choice-Schedule of Premises and Coverages.

 **1. Covered Property**

 a. **Building,** means buildings or structures that:

 (1) You own;

 **3. Covered Causes of Loss**
  See Property Choice-Covered Causes of Loss and Exclusions Form.

 **B. EXCLUSIONS**

 See Property Choice-Covered Causes of Loss and Exclusions Form

# PROPERTY CHOICE-COVERED CAUSES OF LOSS AND EXCLUSIONS FORM

 **B. EXCLUSIONS**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage:

   **a. Acts, Errors or Omissions**

   Acts, errors or omissions by you or others, whether before or after the acquisition of any Covered Property, in any of the following activities:

   (1) Planning, zoning, developing, surveying, testing or siting property;
   (2) Establishing or enforcing any building code, or any standard, ordinance or law about the construction, use or repair of any property or materials, or requiring the tearing down of any property, including the removal of debris; or
   (3) Any of the following as to any part of land, buildings, roads, water or gas mains, sewers, drainage ditches, levees, dams, other structures or facilities, or to or for any Covered Property:

      (a) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; or
      (b) Furnishing of work, materials, parts or equipment in connection with the design, specifications, workmanship, repair, construction renovation, remodeling, grading or compaction.

   The Acts, Errors or Omissions Exclusion applies whether or not the property or facilities described above are Covered Property under this policy or on or away from "scheduled premises".
   But if direct physical loss or direct physical damage to Covered Property by fire, explosion or "Sprinkler Leakage" results, we will pay for the resulting loss or damage caused by that fire, explosion or "Sprinkler Leakage".

   **j. Neglect to Protect Property**

   Neglect to use all reasonable means to save and preserve property form further damage at and after time of the direct physical loss or damage.

2. We will not pay for loss or damage caused by or resulting from any of the following:

    **c. Change of Temperature, Dampness or Dryness**

      **(1)** Dampness or dryness of atmosphere
      **(2)** Changes in or extremes of temperature

3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a through 3.f. But if direct physical loss or direct physical damage to Covered Property by a Covered Cause of Loss results, we will pay for the resulting loss or damage caused by that Covered Cause of Loss:

    **a.** Wear and tear, or change in color, texture or finish;
    **b.** Rust, corrosion, fungus, decay, or deterioration;
    **c.** Hidden or latent defect or any quality in property that causes it to damage or destroy itself;
    **d.** Maintenance
    **e.** Smog; or
    **f.** Shrinkage, evaporation, or loss of weight of "Stock".

    **C.    Limitations**

The following limitations apply to all policy forms and endorsements:

We will not pay for loss of or damage to property, as described and limited below. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited below.

    **(3)** The interior of any building or structure, or personal property in the building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      **a.** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
      **b.** The loss or damage is caused by or results from thawing of snow, sleet, or ice on the building or structure.

## PRAYER

32. For these reasons, Defendant, Hartford Fire Insurance Company prays that Plaintiffs AMJ Commercial Holdings, LLC and Education Management Services

LLC take nothing by their suit and that Defendant recover its costs together with such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        /s/ *Brittan L. Buchanan*
        Brittan L. Buchanan
        State Bar No: 03285680
        Laura Grabouski
        State Bar No:  24031595
        Donna Peery
        State Bar No.:00791753
        **BUCHANAN GRABOUSKI LLP**
        9600 Great Hills Trail, Suite 300 West
        Austin, Texas 78759
        Telephone:   512.225.2800
        Facsimile:    512.225.2801
        Email:        bbuchanan@bg-firm.com
                       lgrabouski@bg-firm.com
                       dpeery@bg-firm.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that on April 30, 2018, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing upon counsel listed below:

Robert Loree
State Bar No: 12579200
Loree & Lipscomb
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Telephone: 210-404-1320
Facsimile: 210-404-1310
Email:  rob@lhllawfirm.com

          */s/ Brittan L. Buchanan*
          Brittan L. Buchanan